UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PUERTO RICO COFFEE ROASTERS LLC,

    Plaintiff,

v.

PAN AMERICAN GRAIN MANUFACTURING COMPANY, INC.,

    Defendant.

Civil No. 3:15-CV-02099 (JAF)

## ORDER ON MOTIONS TO STRIKE

On August 12, 2015, plaintiff Puerto Rico Coffee Roasters LLC ("PRCR") commenced this action against defendant Pan American Grain Manufacturing Company, Inc. ("PAG"), by filing a complaint alleging claims under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and the Puerto Rico Trademark Act, 10 L.P.R.A. §§ 223 *et seq.* (ECF No. 1.) The complaint includes allegations about the criminal history of PAG's president and the litigation history of PAG. (*See* ECF No. 1 ¶¶ 6, 25, Exs. 1, 6.) The complaint also includes allegations about PAG's conduct in the rice, fertilizer, and alcoholic-beverage markets despite the absence of any causes of action about anti-competitive or illegal behavior in those markets. (*See* ECF No. 1 ¶¶ 28, 32-34, Ex. 7.)

On September 3, 2015, PAG filed an eight-page notice of appearance. (ECF No. 10.) In addition to a one-paragraph formal entry into the case (*see* ECF No. 10 ¶ 4), the notice includes allegations about the criminal history of PRCR's president, criticism of PRCR for taking twenty-one days (of the one-hundred-twenty allotted under Federal Rule of Civil Procedure 4[m]) to serve process, and approximately four pages of what

PAG calls "neuralgic facts" that allegedly show "PRCR's lack of candidness/truthfulness with the Court."  (*See* ECF No. 10 ¶¶ 1 n.1, 2-3, 5-15.)

On September 8, 2015, PRCR moved the court to strike PAG's notice under Federal Rule of Civil Procedure 12(f)(2), calling many of the notice's allegations "inflammatory and irrelevant" and observing that a notice of appearance is not the proper place "to discuss [such] allegations."  (ECF No. 14 ¶ 2.)  On September 11, 2015, PAG responded in opposition to the motion, claiming that the "additional facts" in their notice were intended to help the court "better understand" this action and stating that PRCR's complaint contains "scandalous or impertinent matters."  (ECF No. 23 ¶¶ 4-5.)

On September 14, 2014, PAG itself moved the court to strike, as immaterial, PRCR's submission of coffee packages and photographs thereof under ECF Nos. 20 and 21. (ECF No. 24)  The packages were a 14-ounce brick of Café Rico coffee and an 8.8-ounce can of Alto Grande coffee that PRCR delivered to the court in alleged compliance with ECF No. 7, a court order, dated August 31, 2015.  (*See* ECF No. 21, Exs. 1-9.)  Specifically, PAG claims that PRCR's submission of these exhibits does not properly respond to the court order and attempts to constructively amend the complaint by adding new allegations about different PRCR trademarks.  (ECF No. 24 ¶¶ 3-7, 10-12.)

Under Federal Rule of Civil Procedure 12(f), "[a] court has considerable discretion in striking 'any redundant, immaterial, impertinent or scandalous matter.'"  *Alvarado-Morales v. Digital Equipment Corp.*, 843 F.2d 613, 618 (1st Cir. 1988) (quoting Fed. R. Civ. P. 12[f]).  A matter is deemed "immaterial" when it "has no essential or important relationship to the claim for relief," and "scandalous" when it "improperly casts a

derogatory light on someone, usually a party to the action." *Gilbert v. Eli Lilly & Co.*, 56 F.R.D. 116, 120 nn.5 & 7 (D.P.R. 1972); *see also* 2-12 Moore's Federal Practice – Civil § 12.37(3). Needless to say, such matter has "no place in pleadings before the court." *Alvarado-Morales*, 843 F.2d at 618.

Although the court finds some merit in the motions, instead of granting them, we will simply ignore any immaterial, impertinent, or scandalous matter in the complaint, notice, and current responses to the aforementioned court order. The court hereby orders the parties to stop using their filings as vehicles for derogatory allegations against each other. This action will be adjudicated based on the pleadings, the evidence, and the law. Counsel must conduct themselves accordingly.

Finally, the court hereby reminds PAG that, under Federal Rule of Civil Procedure 12(a)(1)(A)(i), PAG "must serve an answer within 21 days after being served with the summons and complaint." PAG has acknowledged that they received service of process on September 2, 2015. (ECF No. 10 ¶ 3.) The court will not grant PAG an extension of time for the answer.

The motions to strike are **DENIED**. (ECF Nos. 14, 24.)

 **IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of September, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
